KNAPP, BURRELL & CO., APPELLANTS, *v.* SOL. KING, RESPONDENT.

JUSTICE OF THE PEACE—JURISDICTION.—The jurisdiction of a justice of the peace once obtained over the subject-matter of an action, continues until the action abates, or is legally disposed of by the justice.

IDEM—ALIAS SUMMONS.—The rendering of a void judgment by the justice does not terminate the action so as to prevent such justice from issuing an *alias* summons, and acquiring jurisdiction of the person of the defendant.

PUBLICATION OF SUMMONS—ORDER FOR.—In construing an order for the publication of a summons to an absent defendant, the court will consider the affidavit and complaint.

INSTRUCTIONS TO THE JURY.—It is not error for the court to append to an instruction asked for by a party, and given by the court to the jury, an explanation in writing of any matter pertinent to the case.

JUDGMENT IN JUSTICE'S COURT—TIME OF ENTRY.—When a justice renders a judgment, but neglects to record the same at length in his docket at the time it is rendered, he may afterwards record the same, and such judgment will be valid.

APPEAL from Benton County.

The facts are stated in the opinion of the court.

*F. A. Chenoweth*, for appellants.

*Kelsay & Woodcock, and J. W. Rayburn*, for respondent.

By the Court, BOISE, J.:

On the sixth day of November, 1876, Knapp, Burrell & Co. recovered a judgment against Edward Price and W. C. Price, in the county court of Benton county, for the sum of one hundred and sixteen dollars and costs, the whole amounting to the sum of one hundred and sixty dollars. On the twenty-fifth of November, 1876, an execution was issued on said judgment, and delivered to the respondent, Sol. King, then sheriff of said county; for service, and the complaint alleges that said Edward and W. C. Price were then the owners of certain personal property described in the complaint. That the said property was known to said Sol. King at the time he received the execution, and that the plaintiff requested him to levy on the same, but that he neglected and refused to do so, and returned said execution on the twelfth day of December, 1876, with the indorsement

thereon that no property of the defendants was found. Plaintiff alleges that such return was false, and that by reason of his neglecting to make the levy they are damaged the sum of one hundred and sixty dollars, and alleges that the said property was of the value of three hundred dollars. The answer admits that the property named in complaint was of the value of one hundred and seventy-seven dollars and fifty cents, .but denies any greater value; denies that W. C. Price had any interest whatever in said property; and denies that said return on the execution was false. The answer then sets up as a separate defense:

That on the twenty-third day of August, 1876, defendant, Sol. King, commenced an action in a justice's court for precinct number two of Benton county, against said Edward Price. That a writ of attachment was duly issued in said action, and that this same property named in complaint was duly levied on by virtue of said writ of attachment. That afterwards, on the sixth day of November, 1876, judgment was duly rendered in said action in favor of said Sol. King against said Edward Price for the sum of two hundred and six dollars and fifty cents and costs.

That on the twenty-fifth day of November, 1876, execution was issued on this judgment, and said property sold, under and by virtue of said execution. The answer sets out that service was had in said action by a publication of the summons against the defendant, he being a non-resident of the state, and alleges that Hinkle, the constable who levied the attachment, returned the same with the indorsement thereon that the defendant could not be found.

The replication denies that such action was commenced; that Hinkle was constable; that he attached the property; that he returned the summons into court indorsed that defendant, Price, could not be found. Denies that at the time the execution of plaintiff was placed in the hands of said Sol. King, said property was in the hands of said constable, by virtue of an execution issued in said action of *Sol. King* v. *Edward Price.*

In the argument in this case it was not seriously contended that the goods in question were not attached on the

twenty-third of August, 1876, by virtue of the writ of attachment issued in the action then commenced of *Sol. King* v. *Edward Price.* But appellants claim that such action terminated on the ninth day of September, for on that day the said justice entered a judgment for the plaintiff, Sol. King, and that although such judgment was rendered without jurisdiction of the person of Edward Price, the defendant therein, and therefore void, yet such determination ended the case, and that the justice could not afterwards, on the eighteenth day of September, issue an *alias* summons on the complaint filed on the twenty-third of August. That is, that the jurisdiction of the justice over the subject-matter of the action was lost; and that the attachment was dissolved on the entry of the said judgment, as the justice did not then continue the action to any future time, and therefore all rights under it were lost.

This is a question of considerable interest and importance, and has been ably argued and presented to the court by counsel, and many authorities cited. We have carefully examined these authorities, and find the opinions expressed in them based on the statutes of the several states in which they were announced, and it is held by them that proceedings before justices of the peace are almost exclusively prescribed and regulated by statute. And, in deciding this important matter, it will be necessary to examine the provisions of our own statute on this subject. On page 108, section 15, it is provided that an action shall be deemed commenced when the complaint is filed and the summons delivered to the officer with intent that it shall be actually served. But such attempt to commence the action shall be followed by the first publication of the summons or the service thereof within sixty days. This is the provision of the code, and will control actions in justices' courts unless modified by the act regulating proceedings in justices' courts. (Stat. 284, sec. 880.) But section 15 of the code is modified as to what shall be deemed a commencement of an action in a justice's court by section 23, page 465, which provides: "The complaint must be made or filed before the issuing of the summons, and such making or fillng is the

commencement of the action." And from the filing of the complaint the action is pending in the justice's court, and will continue so pending until disposed of in the same manner. In the circuit court it would abate if the summons was not served or published within sixty days; and it may be that such neglect to proceed to obtain jurisdiction of the person, would also terminate an action in a justice's court so as to dissolve an attachment issued therein; but this question does not arise in this case, for the reason that the first publication was within sixty days from the twenty-eighth of August, and therefore the action would not abate on that account.

It is not contended that the action of *King* v. *Price* was not commenced and pending at one time, and the only question in this branch of the case is, Did it terminate on the rendition by the justice of the void judgment on the ninth of September, 1876, the day on which the first summons was made returnable?

The statute, p. 284, sec. 879, provides: " A justice's court is a court held by a justice of the peace within the precinct for which he is chosen. There are no particular terms of such court, but the same is always open for the transaction of business." So that, when the court once acquires jurisdiction of the subject-matter of an action, there is always a court to exercise such jurisdiction until it is terminated in some legal manner. After jurisdiction is acquired by filing the complaint, the court has only power to review an amended complaint, or dismiss the case on motion of complainant, except to issue process to acquire jurisdiction of defendant, or to issue mesne or auxiliary processes, such as attachments or the like. Until he acquires jurisdiction of the defendant, he can render no valid judgment against him.

If he render judgment against defendant without jurisdiction of his person, it is simply void and no judgment, and can be disregarded in any collateral proceeding when such want of jurisdiction appears on the record. And in this case the judgment rendered on the ninth of September was a mere nullity, and did not affect the standing of the case, and the case then stood in the same manner as though

the summons had been returned indorsed *non est inventus*, and the justice had entered this return in his record, and not adjourned the case to a day certain; and if an adjournment to a day certain had been made, it would have had no authority to affect the rights of the defendant, for the justice had no jurisdiction to affect him by such an order, and he had no authority to limit the rights of the plaintiff, for he had a cause pending, and having failed to get service on the defendant, he had a right to move for an *alias* summons, and it did not prejudice the rights of defendant that he did not so move on the return day of first summons. For, if he wished to get his property released from the attachment, he could come into court and move for that purpose.

It is claimed that a different rule must apply as to the limitation or abatement of actions in justices' courts from that which prevails in courts of record, and that such is the tenor of the authorites cited. The authorities cited apply to cases in which jurisdiction of the person had been obtained. But if such is the rule in other states we would be constrained to apply the same rule in this state to justices' courts that apply to courts of record, for the reason that the statute has prescribed that " the mode of proceeding and the rules of evidence are the same in a justice's court as in a like action or proceeding in a court of record, except when otherwise specially provided;" and in the matter in question is not otherwise provided. We think, therefore, that the judgment of the ninth of September did not terminate the action of *Sol. King* v. *Edward Price,* and that the court below did not err in so instructing the jury.

It is claimed by appellant that the judgment on which the property in question was sold is void, for the reason that there was no sufficient order made for the publication of summons, and that the justice's court never acquired jurisdiction of the person of Edward Price, the defendant in said judgment. It appears, by the bill of exceptions, that when this judgment was offered in evidence by defendant in this case, the appellant did not object to the introduction of this record, for the reason that there was no sufficient order for the publication of summons, or for any

other reason. But the same was received in evidence without objection, so far as it appears. The order is as follows:

"On the nineteenth day of September, 1876, said constable returned said summons into court with an indorsement thereon in substance that the said defendant, Edward Price, could not be found in Benton county and state of Oregon." "Affidavit for publication filed this nineteenth day of September, 1876; order for publication made and filed this nineteenth day of September, 1876, whereby it was ordered by the court that service of summons in the above entitled action be made by publication thereof in the Corvallis Gazette, a newspaper published in Benton county, state of Oregon, once a week for six consecutive weeks next before the sixth day of November, 1876, that being the day hereby set for the hearing of said action, before me at my office in Corvallis, Benton county, Oregon, at the hour of nine o'clock in the forenoon of said day last mentioned."

The affidavit on which the order was based is not exhibited, and we are not advised of its contents. It is claimed that the order must set out enough to show a case giving the court jurisdiction to make it. If an objection had been made to this record of the judgment when offered in evidence, that this order was not sufficient, as it did not appear affirmatively that the justice had authority to make the order, the parties offering it might have produced the affidavit; and for aught that appears it was before the court, and as it is not here, we must presume that it was sufficient to authorize the order for publication. The only question is, must the order itself recite the facts which give the court authority to make it. We think the rule is that in determining the validity of the order the court may look at the affidavit and the complaint, and in the absence of any proof to the contrary, the court will presume they were sufficient.

It is claimed that the judgment of Alexander was void, for the reason that some portion of the record was written up after the time when the proceeding recorded had transpired. We think that if a justice of the peace neglects to

enter a formal judgment in his record at the time it is rendered, he may afterwards make such record and it will be valid.

The fifth instruction asked by the plaintiff, to the effect that if there were found to be erasures or alterations in the justice's record then it was void, was properly refused, for the reason that such erasures or alterations might be explained by parol evidence. It is claimed that the court, after giving to the jury the instruction asked for, as follows, "If the jury find that any fraud or collusion has entered into the proceedings practiced by the said defendant, then the record would be void, and no right would enure to the party practicing such fraud," erred in adding to this instruction the words, "but fraud must be proved; it is never presumed."

The principle announced in these words is good law, and the only objection that can be urged against this clause being added to the instruction is, that it might be an intimation that no fraud had been proven. Whatever intimation there is, if any, is in the words themselves, and the effect of such an announcement to the jury would only have been to call their attention to a duty incumbent on them to inquire into the questions of fraud presented by the pleadings and evidence, and find whether or not fraud had been practiced; and as such a finding would be necessary to enable the plaintiff to avail any benefit from the instructions, we think the words affixed to the instruction were pertinent and proper. Had the instruction not been pertinent to the case then being submitted to the jury—and from all that appears in the case now before us we think that it was—the court might have properly refused this instruction for the reason that it was not pertinent. The ground of objection to the judgment of *King* v. *Price*, was that the justice lost jurisdiction of the case when he entered the void judgment on the ninth of September. This was a question of law for the court, as the record was before the court, and it was the duty of the court to construe this record, and as we have before considered, the erasures and additions to the record of the justice complained of did not affect the valid-

ity of the record.   So there was no question of fraud to be submitted to the jury.

These considerations dispose of the questions presented in this case.   As we have found no substantial error, the judgment of the circuit court will be affirmed.