[Filed April 6, 1891.]

## SOUTHERN PACIFIC CO. v. S. RUSSELL.

JUSTICE OF THE PEACE—JURISDICTION.—When a justice once obtains jurisdiction over the subject matter of the action, his jurisdiction continues until the action is legally disposed of by such justice.

VOID JUDGMENT—ALIAS SUMMONS.—Where a complaint was filed against a defendant, and a void judgment rendered by the justice, such judgment does not terminate the action so as to prevent such justice from issuing an *alias* summons and acquiring jurisdiction of the person of the defendant.

Marion county: R. P. BOISE, Judge.

Plaintiff appeals.   Affirmed.

*E. H. Peery*, for Appellant.

*J. K. Weatherford*, for Respondent.

LORD, J.—This is an appeal from a judgment of the circuit court dismissing a writ of review issued out of said court to review and set aside a judgment rendered in a justice's court in favor of the defendant and against the plaintiff in the writ for the wrongful killing of a horse.   In substance, the facts are these:   That Russell as plaintiff commenced an action in a justice's court against the railroad company as defendant for the wrongful killing of a horse of the alleged value of $225, by filing his complaint, and that on the same day a summons was issued, directed not to the defendant but to one Johnson, agent of the defendant, etc.; that at the time specified for trial, no one appearing for the defendant, the court undertook to render judgment against the defendant company for the amount alleged; that subsequently, the plaintiff by his attorney moved the justice's court to set aside the judgment rendered aforesaid, on the ground that the summons and service were insufficient to confer jurisdiction and authorize such pretended judgment,

which being allowed, such pretended judgment was set aside, and a summons issued directed to the defendant company and due service thereof obtained; that after said pretended judgment had been set aside and summons issued, the defendant sued out the writ aforesaid to review and set aside such pretended judgment, but at the time specified in the summons appeared in the justice's court and filed an answer in abatement, to which the plaintiff interposed a demurrer, and the court sustaining it, the defendant refused to answer or further plead, when judgment was rendered against it. It is conceded that the summons directed to one Johnson and served upon him was insufficient to obtain jurisdiction over the defendant and to authorize the judgment rendered. In fact, no summons had been issued and served upon the defendant company, and as a consequence it was not possible for the justice's court to acquire jurisdiction to render any judgment against it. Being without the semblance of authority to act in the premises, its judgment was a nullity.

The contention for the company is, that upon the rendition of the judgment, the power of the justice became *functus officio*, and that he could not afterwards vacate or annul such judgment, much less to cause to be issued an *alias* summons on the complaint filed therein. The Code provides that the complaint must be made and filed with the justice before the summons can issue, and such making and filing of the complaint is a commencement of the action, and that it continues pending until legally disposed of. So that when a complaint was made and filed against the defendant, an action was commenced against the defendant and pending until it was disposed of legally. It is true, as a matter of fact, there was a judgment rendered against the defendant and entered by the justice upon his docket, but it was a void judgment and incapable of enforcement. In legal contemplation the case stood as if no judgment had been rendered or entered upon the docket with only a complaint filed against the defendant making the commence-

ment of the action upon which a summons is authorized to
be issued. The action of the justice in allowing the motion
to vacate the judgment only sought to make the face of
the docket conform in fact to the legal status of the case.
Unless the presence of such void judgment had the effect
to terminate the action and exhaust the power of the justice
to issue an *alias* summons, it is difficult to understand how
its vacation or expunging it from the docket can make any
difference. That the rendition of a void judgment does
not terminate the action so as to prevent such justice from
issuing an *alias* summons and acquiring jurisdiction of the
person of the defendant, was expressly held in *Knapp* v.
*King,* 6 Or. 246, BOISE, J., saying: "After jurisdiction is
acquired by filing the complaint, the court has only power
to review an amended complaint or dismiss the case on
motion of complainant, except to issue process to acquire
jurisdiction of the defendant, or to issue mesne or auxiliary
processes, such as attachments or the like. Until he acquires
jurisdiction of the defendant, he can render no valid judg-
ment against him. If he render judgment against the
defendant without jurisdiction of his person, it is simply
void and no judgment, and can be disregarded in any
collateral proceeding when such want of jurisdiction appears
on the record. And in this case the judgment rendered on
the 9th of September was a mere nullity, and the case then
stood in the same manner as though the summons had been
returned indorsed *non est inventus,* * * * for he had a
cause pending, and having failed to get service. on the
defendant, he had a right to move for an *alias* summons,
and it did not prejudice the rights of the defendant," etc.
It is immaterial whether the void judgment was vacated or
not. It was, as BOISE, J., said, "no judgment"—of no
binding force or effect against the defendant, and in its
legal aspect the record stood with only a complaint filed
against the defendant, upon which, as we have seen, an *alias*
summons might be issued for service upon the defendant.
No right of the defendant was prejudiced by it, and the

action of the justice in the premises was exactly what the circuit court upon a writ of review would have directed him to do if the judgment had been allowed to remain and no summons issued or further action taken, namely, to vacate the judgment and issue an *alias* summons against the defendant.

It is clear, then, both on authority and principle, that the power of the justice was not exhausted or the case terminated, but that he was authorized to issue an *alias* summons and acquire jurisdiction of the defendant, which when obtained continued until the case was disposed of legally. The facts disclosed that the defendant did appear as required by the *alias* summons and filed a plea in abatement, to which a demurrer was sustained, and the defendant refusing to further plead, judgment was rendered against it.

It is now suggested that the defendant has not had an opportunity to be heard on the merits, but this is not so. The defendant appeared and was in court, and when the demurrer to the answer was sustained, refused to further plead, and thereby of its own volition deprived itself of the opportunity of being heard on the merits.

We think there was no error and that the judgment must be affirmed.